**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

LISA ANDERSON, on behalf of herself and all others similarly situated,

       Plaintiffs,

v.

AMERICAN DENTAL ASSOCIATES, LTD.,

       Defendant.

Civil Action No. 1:26-cv-01084

### DECLARATION OF DHIRAJ SHARMA IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

I, Dhiraj Sharma, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.    I am the President and principal of American Dental Associates, Ltd. ("American Dental" or "the Company"), the Defendant in this action. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would testify competently thereto.

2.    American Dental is an Illinois corporation that operates a dental practice with its principal place of business at 5342 South Archer Avenue, Chicago, Illinois 60632. The Company provides dental services to the general public, including preventive care, routine check-ups, cleanings, restorative treatments, cosmetic dentistry, and oral health consultations. American Dental operates multiple locations in the greater Chicago area.

1

3. American Dental maintains a website at atooth.com (the "Website") that provides information about the Company's dental services, office locations, contact information, and allows patients to schedule appointments online.

4. On or about December 15, 2025, I received a demand letter via USPS Certified Mail from the law firm Equal Access Law Group, PLLC, signed by Michael H. Cohen, Esq. The letter was addressed to me at the Company's principal place of business. A true and correct copy of the demand letter is attached hereto as Exhibit 1.

5. The demand letter alleged that an individual named Lisa Anderson, described as a visually impaired person, had visited the Website on September 8, 2025, and encountered accessibility barriers. The letter identified three specific barriers: (1) the absence of a "Skip to content" link; (2) drop-down sub-menus that were not operable using a keyboard; and (3) date and time selection controls that were not focusable using the Tab key.

6. The demand letter demanded that American Dental pay $15,000 in settlement and set a response deadline of January 15, 2026.

7. I take accessibility seriously. American Dental serves patients of all abilities, and I believe our website should be usable by everyone, including individuals with visual impairments and other disabilities. Upon receiving the demand letter, I immediately decided to take steps to remediate any accessibility barriers on the Website, regardless of the merits of the legal claims.

8. On or about December 15, 2025, I contacted Ken Lentz, a technology consultant at InTune Digital, and retained him to evaluate the Website's accessibility and undertake remediation. Mr. Lentz has served as American Dental's technology consultant and is familiar with the Website's design and architecture. I asked Mr. Lentz to begin the remediation process as quickly as possible.

**9.** I did not respond to the demand letter or contact Plaintiff's counsel, but I did prioritize remediation of the Website. My focus was on fixing the Website, not on the threatened litigation.

**10.** Mr. Lentz commenced remediation work on the Website on or about January 8, 2026. He informed me that the work involved making structural changes to the Website's HTML code, including the addition of ARIA (Accessible Rich Internet Applications) attributes, restructuring of heading hierarchies, installation of keyboard event handlers, and assignment of navigation landmark roles.

**11.** On January 30, 2026, Plaintiff filed the Complaint in this action. At the time the Complaint was filed, Mr. Lentz's remediation work was actively underway and had been in progress for approximately three weeks.

**12.** On February 5, 2026, at Mr. Lentz's recommendation, I authorized the deployment of accessiBe's accessWidget tool on the Website to supplement Mr. Lentz's manual remediation work and to provide continuous, automated accessibility monitoring going forward. On February 6, 2026, the Complaint was served on American Dental through its registered agent, Anne Marie Craighead.

**13.** On February 8, 2026, an Accessibility Statement was published on the Website. The Accessibility Statement publicly commits American Dental to compliance with the Web Content Accessibility Guidelines ("WCAG") version 2.1 at the AA level. The Statement describes the specific accessibility technologies deployed on the Website, the disability profiles supported, and provides a contact email for reporting any accessibility concerns.

**14.** American Dental has maintained, and intends to continue to maintain, its relationship with Ken Lentz of InTune Digital for ongoing website maintenance and accessibility

3

compliance. The accessiBe accessWidget tool remains deployed on the Website and continues to monitor and remediate accessibility issues on a continuous, automated basis.

15.     I am committed to ensuring that the Website remains accessible to individuals with disabilities, including visually impaired individuals. This commitment is not merely a response to this litigation—it reflects American Dental's values as a healthcare provider serving the general public. Maintaining an accessible website is both a moral obligation and a business necessity. American Dental serves patients of all abilities, and an inaccessible website would undermine the Company's mission and drive away patients.

16.     American Dental has no intention of reverting to an inaccessible website, removing the accessibility remediations that have been implemented, disabling the accessiBe monitoring tool, or otherwise reintroducing accessibility barriers. To the contrary, I have directed Mr. Lentz to continue monitoring the Website's accessibility and to address promptly any issues that may arise in the future.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___27th Feb___, 2026

Chicago, Illinois

_____
Dhiraj Sharma
President, American Dental Associates, Ltd.

**EXHIBIT 1 TO DECLARATION OF DHIRAJ SHARMA**

*Demand Letter from Equal Access Law Group, PLLC*
*Dated December 15, 2025*



# EQUAL ACCESS
## — LAW GROUP PLLC —

NOTICE TO AGENTS IS NOTICE PRINCIPALS   NOTICE TO PRINCIPALS IS NOTICE TO AGENTS

**December 15, 2025**

*VIA USPS CERTIFIED MAIL: #95890710527033669043330*
**AMERICAN DENTAL ASSOCIATES, LTD.**
C/O: **DHIRAJ SHARMA**, PRESIDENT
**5342 SOUTH ARCHER AVENUE,**
**CHICAGO, IL 60632**

### Re: COMMUNICATION FOR SETTLEMENT PURPOSES ONLY
### Lisa Anderson v. American Dental Associates, Ltd. -

Dear Dhiraj Sharma:

Our firm represents **Lisa Anderson ("Anderson"**), a visually impaired individual who encountered numerous access barriers on your website, atooth.com (the "Website"). According to the information provided by our client, **American Dental Associates, Ltd.**'s **("American Dental Associates")** actions violated, including but not limited to, the Americans with Disabilities Act ("ADA"), as amended by the ADA Amendments Act ("ADAAA") (42 U.S.C. §§ 12101 to 12213), by failing to afford, **Lisa Anderson**, equal access to the Website which resulted in disparate impact, disparate treatment, and discrimination due to her disability as defined by Federal and State laws. See Appendix A.

On September 8, 2025, utilizing a screen reader, Lisa Anderson attempted to visit and use the Website, atooth.com, while searching for a dental clinic and attempting to schedule an appointment online[1]. However, Anderson quickly encountered multiple accessibility barriers that made the browsing experience frustrating and ultimately prevented her from booking an appointment. See Appendix B.

On the Website, a "Skip to Content" link was not provided. As a result, Anderson was forced to navigate through the entire menu before reaching the main content of the page.

---

[1] https://atooth.com/appointment/

In addition, the drop-down sub-menus were not operable using a keyboard. Using the "Tab" and arrow keys, Anderson was unable to access or navigate the menu items, and the Website relied on mouse-only interactions for essential functions.

Moreover, the date and time selection controls were not focusable using the keyboard. As a result, Anderson was unable to select an appointment date or time and could not complete the scheduling process.

Federal and State caselaw are well established and a jury would undoubtedly find in favor of Anderson requiring American Dental Associates to afford Anderson and others similarly situated with full and equal access to the Website. The Court is likely to find American Dental Associates' actions as discriminatory against Anderson and other visually impaired individuals and subject American Dental Associates, Ltd. to:

➢ A court-ordered injunction, prohibition the operation the Website in its current state;
➢ Statutory damages available under applicable law;
➢ Interest (pre-judgment and post-judgment);
➢ Reasonable attorneys' fees and costs; and
➢ Other remedies as determined by the court

Should this matter proceed to litigation, a jury would undoubtedly find that American Dental Associates, Ltd.interfered with Anderson's rights and discriminated and retaliated against Anderson due to her disability in violation of the federal American with Disabilities Act and New York State's Human Rights Laws.

Although Lisa Anderson has a strong claim, we believe that an amicable resolution including remediation of the Website so that Anderson and similarly situated individuals may enjoy full and equal access to the Website. In light of the same, Anderson is amenable to settle her claims in consideration for a promise, with a date certain, that American Dental Associates, Ltd. will remove all accessibility barriers on the Website ("Remediation") and Anderson will provide American Dental Associates, Ltd. with a general release including a confidentiality agreement in exchange for $15,000.00.

We note that this settlement offer is automatically withdrawn in the event Anderson is forced to file a lawsuit due to either not receiving a timely response or our inability to come to a reasonable resolution. In light of the foregoing, please contact us by close of business on **Thursday, January 15**, to discuss this matter. If we do not hear from you by this date, we will assume that American Dental Associates, Ltd. is not interested in an amicable resolution and will proceed to enforce Anderson's rights accordingly.

In the meantime, please consider this letter as legal notice to take all reasonable steps to preserve and retain all hard copy and electronically stored information, as defined by Rule 34 of

the Federal Rules of Civil Procedure. Among other information, the following information is relevant to the case and must be preserved:

Any and all communications to and from Lisa Anderson and American Dental Associates, Ltd. as well as between all employees and agents of American Dental Associates, Ltd. between September 08, 2025, and the present including all electronic files (emails, texts, calendars) and paper documents (files, presentations, diaries, calendars).

Any and all documents concerning the development, design, maintenance, and upkeep of the Website, including but not limited to contractual agreements between American Dental Associates, Ltd. and any entity that has helped develop, design, code, or engineer the Website

Any and all communication between American Dental Associates, Ltd. and disabled individuals, including but not limited to visually impaired individuals.

**American Dental Associates' failure to preserve the above and other relevant data may constitute spoliation of evidence, which may subject the American Dental Associates to sanctions.**

Please note that the issues referenced in the body of this letter are simply representative examples of the accessibility barriers encountered. The website contains numerous additional WCAG violations that were observed but not individually listed in this pre-litigation notice. These accessibility issues, along with other barriers encountered on the website, ultimately prevented **Lisa Anderson** from completing her intended schedule.

This letter is written in the hopes of resolving this matter amicably without the necessity of expending legal fees and costs, which our Anderson is entitled to as a matter of law. Nothing in this letter shall be construed as a waiver of Anderson's rights, all of which are expressly reserved.

Your urgent attention is requested and required to timely resolve this matter.

Dated: Flushing, New York
      December 15, 2025

*/s/ Michael H. Cohen*
By: Michael H. Cohen, Esq.
68-29 Main Street
Flushing, NY 11367
Phone: 929 605 4718
Email: mcohen@ealg.law

# APPENDIX 'A'

## FEDERAL LAW VIOLATIONS

42 U.S.C. §§ 12181 et seq.
Title III of the Americans with Disabilities Act

Title III of the American with Disabilities Act of 1990, 42 U.S.C. § 12182(a) provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." Title III also prohibits an entity from "[u]tilizing standards or criteria or methods of administration that have the effect of discriminating on the basis of disability." 42 U.S.C. § 12181(b)(2)(D)(I)

# APPENDIX 'B'

The barriers listed below are illustrative and not exhaustive. Numerous additional accessibility barriers were identified beyond the items listed here:

## ALLEGATIONS

*1. A "Skip to content" link was not implemented on your website, preventing the visually impaired customer from bypassing repeated navigation elements and interactive components. Without this mechanism, she was forced to move through the same menus and repeated interactive elements on every page load before reaching the main content, resulting in unnecessary time, effort, and frustration;*

*2. Sub-menu elements containing drop-down menus on your website could not be accessed using the keyboard. The visually impaired customer attempted to use the "Enter" and "Arrow" keys without success. The website's functionality relied on device-specific interactions, such as using a mouse, and was therefore not accessible to visually impaired users who depend on keyboard navigation;*

*3. Interactive elements on your website could not be focused using the Tab key, and no helpful instructions were provided on how to access them with the arrow keys. As a result, the visually impaired customer was unaware of the presence of these interactive elements and could not engage with them, leading to missed functionality and an incomplete user experience.*

*Additional information including screenshots are available utilizing the QR below.*

