UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| LISA ANDERSON, individually, and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>AMERICAN DENTAL ASSOCIATES, LLC,<br><br>  Defendant. | Case No. 1:26-cv-01084 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER
OPPOSITION TO DEFENDANT AMERICAN DENTAL
ASSOCIATES, LTD.'S MOTION TO DISMISS**

**EQUAL ACCESS LAW GROUP, PLLC**

*/s/ Alison Chan*
Alison Chan, Esq.
68-29 Main Street
Flushing, NY 11367
Phone: (929) 442-2154
Email: Achan@Ealg.law
*Attorneys for Plaintiff*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ……………………………………………….......……………… 1

I. PRELIMINARY STATEMENT ……………………………………….......…………… 4

II. INTRODUCTION …………………………………………………………...… 4

III. FACTUAL BACKGROUND ……………………………………….…………...……… 7

    A. AMERICAN DENTAL ASSOCIATES IS NOT ACCESSIBLE ……………………………………………………….…………………... 7

III. STANDARD OF REVIEW …………………………………………………….. 9

IV. LEGAL ARGUMENT ………………………………….………..…...……..…. 11

    A. PLAINTIFF HAS ALLEGED SUFFICIENT FACTS IN THEIR COMPLAINT TO CONFER ARTICLE III STANDING AND AN INJURY-IN-FACT TO DENY A MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION ……………………………………………………………………... 11

    i. Plaintiff has a concrete injury-in-fact under the ADA ……………..…………. 11

    ii. Plaintiff's injury is redressable because it is reasonable to infer that the discrimination on the Website will continue ……………………………………………………………………... 15

    iii. Plaintiff has established an intent to return to the Website in the future ……… 16

V. THE ERRORS ON DEFENDANT'S WESBITE ARE ONGOING AND CANNOT BE MOOT …………...………………………………………………...……… 18

VII. DECLARATORY RELIEF IS PROPER BECAUSE AN ACTUAL CONTROVERSY EXISTS AND PLAINTIFF ALLEGES ONGOING HARM ………………..…………………………………………………......………..… 19

VIII. CONCLUSION …………………………………………………...…….…… 21

i

## TABLE OF AUTHORITIES

**CASES**

**Access Now, Inc. v. Blue Apron,** *LLC*, 2017 WL 5186354 (D.N.H. Nov. 8, 2017) **......12, 13**

**ACLU of Illinois v. Alvarez**, 679 F.3d 583, 590 (7th Cir. 2012) **....................................20**

**Am. Legion v. Am. Humanist Ass'n**, 588 U.S. 29 (2019) **...................................................10**

**Andrews v. Blick Art Materials, LLC**, 268 F. Supp. 3d 381, 386 (E.D.N.Y. 2017) **..........12**

**Apex Digital, Inc. v. Sears, Roebuck & Co.,** 572 F.3d 440, 443 (7th Cir. 2009) **............9, 10**

**Ashcroft v. Iqbal,** 556 U.S. 662 (2009) **..................................................................................11**

**Barwin v. Village of Oak Park**, 54 F.4th 443 (7th Cir. 2022) **.............................................11**

**Bell Atl. Corp. v. Twombly,** 550 U.S. 544 (2007) **.................................................................11**

**Calcano v. Swarovski N. Am. Ltd.,** 36 F.4th 68 (2d Cir. 2022) **...........................................6**

**Carello v. Aurora Policemen Credit Union**, 930 F.3d 830 (7th Cir. 2019) **........................13**

**Chalas v. Barlean's Organic Oils, LLC,** No. 22 Civ 04178 (CM), 2022 U.S. Dist. LEXIS 211816 (S.D.N.Y. Nov. 22, 2022) **..................................................................................17**

**Chicago United Indus., Ltd. v. City of Chicago**, 445 F.3d 940, 947 (7th Cir. 2006) **.........15**

**Colon v. HY Supplies, Inc.**, No. 22 CV 5915, 2023 U.S. Dist. LEXIS 204526 (N.D. Ill. Nov. 15, 2023) **..................................................................................................................11, 19**

**Davis v. Wild Friends Foods, Inc.,** 2023 U.S. Dist. LEXIS 115542 (S.D.N.Y. 2023)**.........17**

**Forest River Manufacturing, LLC v. Lexmark Enterprise Software, LLC**, No. 3:16-CV-449 JD, 2017 U.S. Dist. LEXIS 71019 (N.D. Ind. May 9, 2017)**.........................................11**

**Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.**, 528 U.S. 167, 189 (2000) **..............................................................................................................6, 15**

**Gociman v. Loyola University of Chicago**, 41 F.4th 873 (7th Cir. 2022) **...........................11**

**Havens Realty Corp. v. Coleman,** 455 U.S. 363 (1982)**.........................................................5**

**Hay v. Indiana State Bd. of Tax Comm'rs,** 312 F.3d 876, 879 (7th Cir. 2002) **................. 10**

**Haynes v. Dunkin' Donuts LLC**, 741 F. App'x 752, 754(11th Cir. 2018) **………….......13**

**Hewitt v. Helms,** 482 U.S. 755 (1987) **................................................................................. 21**

**Houston v. Marod Supermarkets, Inc.,** 733 F.3d 1323 (11th Cir. 2013) **...........................5**

**In the Matter of accessiBe Inc.**, FTC File No. 222-3156, Decision and Order (Apr. 21, 2025) **.................................................................................................................... 9, 15, 16**

1

**Loadholt v. ShirtSpace,** No. 22-CV-02870 (ALC), 2023 U.S. Dist. LEXIS 36924 (S.D.N.Y. Mar. 6, 2023) ................................................................................................ **16**

**Long v. Shorebank Dev. Corp.**, 182 F.3d 548 (7th Cir. 1999) ............................................. **10**

**Lujan v. Defenders of Wildlife**, 504 U.S. 555 (1992) ....................................................**12, 14**

**Maddy v. Life Time, Inc.**, **No. 22-cv-5007 (LJL),** 2023 U.S. Dist. LEXIS 115503 (S.D.N.Y. July 5, 2023) ......................................................................................................**17**

**Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co. of Chi.,** 649 F.3d 539 (7th Cir. 2011) ....**11**

**McCauley v. City of Chi.,** 671 F.3d 611 (7th Cir. 2011) ........................................................**11**

**MedImmune, Inc. v. Genentech, Inc.**, 549 U.S. 118, 127 (2007) ....................................**19, 20**

**Nucor Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.,** 28 F.3d 572 (7th Cir. 1994) ..............................................................................................................................**20**

**Pickern v. Holiday Quality Foods, Inc.**, 293 F.3d 1133, 1137 (9th Cir. 2002) ...................**12**

**Riley v. Baggu Corp.,** No. 24-cv-9000 (HJR), 2025 U.S. Dist. LEXIS 371508 (S.D.N.Y. Feb. 10, 2025) ............................................................................................................................**5**

**Scherr v. Marriott Int'l, Inc.,** 703 F.3d 1069 (7th Cir. 2013) ..................................**10, 13, 15**

**Silha v. ACT, Inc.,** 807 F.3d 169 (7th Cir. 2015) .........................................................**9, 10, 14**

**Tempco Electric Heater Corp. v. Omega Engineering, Inc.**, 819 F.2d 746 (7th Cir. 1987) ...........................................................................................................................................**20**

**TransUnion LLC v. Ramirez,** 594 U.S. 413 (2021) ........................................................**6, 10**

**STATUTES**

**42 U.S.C. §§ 12181–12189 (Title III of the Americans with Disabilities Act)** ............. **4, 20**

**U.S. Const. art. III, § 2** ........................................................................ **4, 10, 11, 12, 13, 14**

**RULES**

**Fed. R. Civ. P. 8(a)** ..................................................................**6, 8, 10, 13, 14, 15, 16,**

**Fed. R. Civ. P. 12(b)(1)** .................................................................**4, 9, 10, 13, 14, 15**

**Fed. R. Civ. P. 12(b)(6)** ..............................................................................................**4, 10**

**SECONDARY AUTHORITIES**

**Edwin Borchard, Declaratory Judgments 299 (2d ed. 1941) ...........................................20**

## I.     PRELIMINARY STATEMENT

Plaintiff, LISA ANDERSON, ("Lisa Anderson" or "Plaintiff") a visually impaired and legally blind individual, by and through its counsel, Equal Access Law Group PLLC, submits the following Memorandum of Law in opposition to American Dental Associates, Ltd.'s ("American Dental Associates" or "Defendant") Motion to Dismiss ("MTD"), dated February 27, 2026.

## II.     INTRODUCTION

Defendant American Dental Associates moved under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff's Complaint ("Complaint") with claims brought under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, et seq. Defendant's Motion rests on three principal arguments: first, that the action is moot because Defendant claims to have remedied accessibility barriers "to make it [the Website] fully accessible and usable to the visually impaired."; second that Plaintiff lacks standing under Article III; and third that Plaintiff's Complaint fails to state a claim. When the Supreme Court's and Seventh Circuit's governing precedents are applied to the allegations as pleaded, Defendant's Motion cannot succeed.

Defendant argues that this Court lacks subject-matter jurisdiction because Plaintiff Lisa Anderson does not have Article III standing under the ADA, specifically alleging that Plaintiff' claims are not redressable, Plaintiff's "intent to return" [to the Website] is conclusory, and Plaintiff's "injury is stale" Second, Defendant argues that Plaintiff cannot assert a claim based on WCAG 2.1 AA or WCAG 2.2 as a matter of law.

Defendant claims that by using accessibe, their Website is compliant with WCAG 2.1 AA standards. At the pleading stage the Court must accept Plaintiff's well-plead allegations as true

and draw all reasonable inferences in favor of the plaintiff – and therefore may not resolve competing factual assertions regarding accessibility.

Next, Defendant is attacking Plaintiff's credibility by alleging that Plaintiff has "a pattern characteristic of serial-filer litigation." identifying that Plaintiff has filed 36 other similar lawsuits in 2025. Dkt. #7, pg. 12. However, this Court should apply the same rationale used in *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 374 (1982). There, a black tester Plaintiff brought an action against an owner of an apartment complex, alleging that racial steering practices violated the Fair Housing Act. The Supreme Court held that "If the facts are as alleged, then respondent has suffered 'specific injury' [ . . . ]" *Id. Emphasis Added*. This same rationale has been applied in ADA website cases such as *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1322 (11th Cir. 2013). That court said: "The text of §§ 12182(a) and 12182(b)(2)(A)(iv) provides no basis for the suggestion that Plaintiff Houston's motive is relevant to this legal right." *Id*. at 1322-33 And as recent as August 5, 2025, the court in *Riley v. Baggu Corp.*, No. 24-cv-9000 (HJR), 2025 U.S. Dist. LEXIS 371508, 5 (S.D.N.Y. filed Feb. 10, 2025), Dkt. 26., denied Defendant's motion to dismiss stating "prolific ADA plaintiffs are not subject to a heightened standing inquiry merely by virtue of 'filing duplicative lawsuits against multiple defendants.'" In that case, Plaintiff had filed 58 recent cases. *Id*.

Defendant's allegation on Plaintiff's "pattern characteristic of serial-filer litigation". The ADA protects the right to equal access itself, and a plaintiff's motive in testing compliance does not negate the existence of an injury when discriminatory barriers are encountered. The Court's task at this stage is limited to determining whether the Complaint plausibly alleges denial of equal access, which it does. The fact that Plaintiff has encountered other accessibility barriers on other websites bears no weight on the analysis of this action.

For a Plaintiff to establish standing in an ADA case, they "must show (i) that [s]he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *See Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 72 (2d Cir. 2022) (quoting *TransUnion LLC v. Ramirez,* 594 U.S. 413, 2203 (2021). Additionally, a case is not automatically moot when one makes "changes" to their Website. Furthermore, under the Supreme Court's voluntary cessation doctrine, a defendant bears a "formidable burden" of demonstrating it is "absolutely clear" that the challenged conduct cannot reasonably be expected to recur, a showing Defendant does not and cannot make. *See Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189 (2000). ("[A] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.").

Defendant improperly asks the Court to resolve disputed merits issues at the pleading stage by asserting that this case is moot based on its unilateral, post-suit Website "changes." *See* Fed. R. Civ. P. 8(a); Dkt. 7, pg. 7-8. At the pleading stage, the Court must accept Plaintiff's well-pleaded allegations as true and may not credit Defendant's asserted remediation or weigh competing factual claims regarding current accessibility. *See* Fed. R. Civ. P. 8(a).

As a matter of law, voluntary cessation does not divest the Court of jurisdiction unless it is absolutely clear that the challenged conduct cannot reasonably be expected to recur—a demanding standard Defendant cannot meet through unsupported assertions in a motion to dismiss. Whether Defendant undertook any remediation, the scope or durability of any alleged changes, or whether such changes eliminate the risk of recurrence are merits questions that require discovery and are inappropriate for resolution at this stage.

The Complaint alleges concrete and ongoing accessibility barriers and resulting deterrence, and those allegations are sufficient to establish standing and a live controversy. See Dkt. #1, ¶¶32, 35. Because competing factual assertions regarding accessibility cannot be resolved on a motion to dismiss, Defendant's mootness argument fails as a matter of law, and the motion should be denied.

## II.     <u>FACTUAL BACKGROUND</u>

### A.     <u>AMERICAN DENTAL ASSOCIATES' WEBSITE IS NOT ACCESSIBLE,</u>

On September 8, 2025, Plaintiff visited Defendant's website, <u>https://atooth.com</u> (hereinafter "<u>Website</u>" or "<u>the Website</u>") and searched online for a dental clinic to make a dental appointment in Chicago, Illinois. Dkt. # 1, ¶40. She discovered American Dental Associates, a dental clinic with multiple positive customer reviews, particularly for their professionalism of the dentist and staff. *Id.* After exploring the website to explore its services, she decided to make an appointment for a dental check-up. *Id.* Plaintiff is visually impaired and legally blind and requires the use of screen-reading technology to utilize the internet and effectively surf websites. *Id.* at ¶2, 19. Therefore, Plaintiff then attempted to visit Defendant's website using her screen-reading software and to make a dental appointment. *Id.* at ¶39. However, she encountered multiple barriers that have denied her full and equal access to Defendant's content and services. *Id.* at ¶32-40. Due to Defendant's failure to build the Website in a manner that is compatible with screen-reading programs, Plaintiff was unable to understand and properly interact with the Website and was thus denied the benefit of making a dental appointment on the Website. *Id.* at ¶40. Plaintiff's Complaint specifically describes the ways in which the Website was incompatible with her screen-reading software. *Id.* at ¶35. Despite this direct harm and frustration that Plaintiff has already suffered due to the inaccessibility of the Website, Plaintiff nevertheless intends to access

the Website in the future if it is made accessible. *Id.* at ¶40. She remains interested in further exploring the Website and making a dental check-up appointment with American Dental Associates *Id.*

Finally, after Defendant claimed to have "made changes to the website," Plaintiff caused additional technical testing of the website to be conducted. Despite Defendant's assertion that the website was thereby rendered "fully accessible and usable to the visually impaired," the testing revealed that multiple accessibility barriers persisted, consistent with—and corroborating—the additional accessibility barriers Plaintiff personally encountered. Dkt. #7. Respectfully, Defendant's assertions of remediation do not undermine Plaintiff's allegations at this stage. At the pleading stage, the Court must accept Plaintiff's well-pleaded factual allegations as true and may not credit Defendant's competing assertions regarding the website's current accessibility. *See* Fed. R.                    Civ.                    P.                    8(a).

These are not boilerplate errors as Defendant has alleged. These errors are directly linked to an automated report detailing the errors present on Defendant's Website. This will be given to Defendant in the discovery phase of the case. These errors have links that can be clicked. Each error has a link that will take the user to the exact spot on the website where there are errors. Defendant's main argument in their Motion to Dismiss is that their website is now accessible. Plaintiff has gone on the website and could not complete scheduling a dental check-up appointment Defendant's website because of their errors. Plaintiff also has automated scans of Defendant's website as evidence of the errors present. There is clearly a factual dispute as to whether the website is accessible or not. As such, the appropriate procedural mechanism to develop these factual issues is discovery. At the pleading stage, Plaintiff's well-pleaded allegations must be accepted as true, and the factual disputes raised by Defendant's assertions cannot be resolved on a

motion to dismiss. Those issues are properly explored through discovery, including document production and depositions, after which the parties may pursue whatever relief is warranted under the applicable procedural rules.

Accordingly, these allegations directly undermine Defendant's contention that this action is moot. Defendant's assertions that it meets the "heavy burden" under the voluntary cessation doctrine, so Plaintiff's claim is moot amounts to nothing more than a general representation of future intent, rather than evidence of completed remediation or a concrete, binding plan ensuring continued compliance. *See* Defendant's Attachment #2, Declaration of Ken Lentz; and Dkt #7, pg. 9-11. Further, in January 2025, the Federal Trade Commission ruled that accessiBe misrepresented the ability of its AI-powered web accessibility tool to make any website complaint with the Web Context Accessibility Guidelines (WCAG) for people with disabilities. *In the Matter of accessiBe Inc.*, FTC File No. 222-3156, Decision and Order (Apr. 21, 2025). Here, Ken Lenz declares that he used accessiBe "as a supplement to – not a substitute for – manual remediation", but the alleged remediation solely depends on a remediation report generated solely from accessiBe. Absent binding assurances or demonstrable, permanent remediation, Defendant has failed to meet its burden to establish mootness.

## III.     **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(1) permits dismissal when a court lacks subject-matter jurisdiction. Because federal courts are courts of limited jurisdiction, the party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009); *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). If at any time the Court determines that subject-matter jurisdiction is lacking,

it must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Hay v. Indiana State Bd. of Tax Comm'rs,* 312 F.3d 876, 879 (7th Cir. 2002).

When resolving a motion under Rule 12(b)(1), the Seventh Circuit distinguishes between facial and factual challenges to jurisdiction. In a facial challenge, the court considers only the allegations of the complaint and any materials referenced therein, accepts all well-pleaded allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Silha*, 807 F.3d at 173; *Apex Digital,* 572 F.3d at 443. By contrast, in a factual challenge, the court may consider evidence outside the pleadings, and the plaintiff must support jurisdiction with competent proof. *Apex Digital*, 572 F.3d at 444; *Long v. Shorebank Dev. Corp.,* 182 F.3d 548, 554 (7th Cir. 1999).

At the pleading stage, however, the burden on the plaintiff is not onerous. General factual allegations of injury are sufficient to establish standing in response to a facial Rule 12(b)(1) motion. *See* Fed. R. Civ. P. 8(a); *Silha,* 807 F.3d at 173; *Scherr v. Marriott Int'l, Inc.,* 703 F.3d 1069, 1074 (7th Cir. 2013).

Article III standing requires a plaintiff to show "(i) that [s]he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez,* 594 U.S. 413, 423. Standing limitations ensure that the plaintiff has a "personal stake" in the case, as "a federal court may resolve only 'a real controversy with real impact on real persons.'" *Id.* at 424. (quoting Am. Legion v. Am. Humanist Ass'n, 588 U.S. 29, 34 (2019) (Gorsuch, J., concurring)).

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to assert in a motion to dismiss that a plaintiff has failed to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). However, when reviewing a motion to dismiss, a court must accept all factual

10

allegations in the complaint as true as to all factual allegations made in the complaint, with the exception of "legal conclusions or threadbare recitals of the elements of a cause of action supported by mere conclusory statements[,]" and draw all reasonable inferences in favor of the non-moving party. *Forest River Manufacturing, LLC v. Lexmark Enterprise Software, LLC*, No. 3:16-CV-449 JD, 2017 U.S. Dist. LEXIS 71019, 6 (N.D. Ind. May 9, 2017) (citing *Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co. of Chi.*, 649 F.3d 539, 547 (7th Cir.2011); quoting *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011); *see also Colon v. HY Supplies, Inc.,* No. 22 CV 5915, 2023 U.S. Dist. LEXIS 204526, 7 (N.D. Ill. Nov. 15, 2023) (citing *Gociman v. Loyola University of Chicago*, 41 F.4th 873, 878 (7th Cir. 2022). To survive such a motion, "the complaint must contain enough facts to state a claim for relief that is plausible on its face." *Forest River Mfg.,* 2017 U.S. Dist. LEXIS 71019, 6 (citing *Brooks v. Ross*, 578 F.3d 574, 580-81 (7th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); see also *Barwin v. Village of Oak Park,* 54 F.4th 443, 453 (7th Cir. 2022) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *McCauley*, 671 F.3d 611, 615.

IV.     **LEGAL ARGUMENT**

**A. PLAINTIFF HAS ALLEGED SUFFICIENT FACTS IN THEIR COMPLAINT TO CONFER ARTICLE III STANDING AND AN INJURY-IN-FACT TO DENY A MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION.**

i.     **Plaintiff has a concrete injury-in-fact under the ADA.**

11

To establish standing, Plaintiff must satisfy the three requirements set forth in *Lujan v. Defenders of Wildlife,* concrete injury-in-fact, causation, and redressability. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). Plaintiff alleges that she accessed the Website with the intent to explore the services Defendant offered to make a dental check-up appointment and was prevented by specific accessibility barriers affecting required core functions such as navigation, appointment booking, and form completion. Dkt. #1, ¶40. Specifically, Plaintiff alleges that keyboard navigation caused sub-menus to expand automatically, requiring her to tab through numerous items, and that a "skip to content" feature failed to function on the appointment page, resulting in repetitive navigation. Plaintiff further alleges that essential interactive elements, including date selection fields, were not accessible via keyboard input, and that required form instructions—such as checkbox acknowledgments—were not properly conveyed to her screen reader. *Id.* These allegations constitute a concrete and particularized injury. *Id.* at 46.

The ADA recognizes deterrence as a cognizable injury. In *Pickern v. Holiday Quality Foods, Inc.*, the Ninth Circuit held that a plaintiff suffers injury where she is deterred from visiting a public accommodation due to known barriers. *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1137–38 (9th Cir. 2002). Plaintiff alleges such deterrence here, as she remains unable to shop on Defendant's website because of its inaccessibility. Dkt. #1, ¶40.

Courts across the country have recognized that ADA plaintiffs have standing where they attempt to access a website's goods and services and encounter accessibility barriers. In *Andrews v. Blick Art Materials, LLC*, the court held that a blind plaintiff who attempted to shop online and encountered barriers had standing under Article III. *Andrews v. Blick Art Materials, LLC*, 268 F. Supp. 3d 381, 386–90 (E.D.N.Y. 2017). In *Access Now, Inc. v. Blue Apron, LLC*, the court found that blind users had standing where they attempted to navigate and make purchases on an

12

inaccessible retail website. *Access Now, Inc. v. Blue Apron, LLC*, 2017 WL 5186354, 6–7 (D.N.H. Nov. 8, 2017). The Eleventh Circuit reached the same conclusion in *Haynes v. Dunkin' Donuts LLC*, finding that the inability to order products due to inaccessible online menus constitutes injury-in-fact. *Haynes v. Dunkin' Donuts LLC*, 741 F. App'x 752, 754–55 (11th Cir. 2018).

The Seventh Circuit's decision in *Scherr v. Marriott International, Inc.*, underscores that standing exists where a plaintiff is deterred from returning to a place of public accommodation because of ADA violations. Plaintiff alleges precisely this type of deterrence and intent to return. And while Defendant might seek to analogize to *Carello v. Aurora Policemen Credit Union*, that decision is inapposite because Plaintiff here is eligible to use the website, attempted to do so, and was directly harmed, unlike the plaintiff in *Carello* who was categorically ineligible for the services at issue. *Carello v. Aurora Policemen Credit Union,* 930 F.3d 830, 834-35 (7th Cir. 2019).

These allegations are sufficient to survive a motion to dismiss under Rule 12(b)(1). At the pleading stage, a plaintiff establishes past injury under the ADA by alleging that she personally encountered accessibility barriers that interfered with her ability to access or use the defendant's goods or services. *See* Fed. R. Civ. P. 8(a); *Scherr,* 703 F.3d at 1074 (plaintiff sufficiently alleged injury where he personally encountered barriers that denied him full and equal access); *Carello,* 930 F.3d at 830 **(**plaintiffs adequately alleged injury where accessibility barriers deterred them from accessing defendant's services).

The Seventh Circuit has made clear that deterrence caused by accessibility barriers constitutes a concrete injury for purposes of Article III standing. *Scherr*, 703 F.3d at 1074. Where a plaintiff alleges that barriers prevented her from effectively navigating a website or completing intended tasks, and that those barriers continue to deter her from future use, such allegations are

13

sufficient to establish past injury and a real and immediate threat of future harm at the pleading stage. *See* Fed. R. Civ. P. 8(a); *Carello*, 930 F.3d at 834.

Nor is a plaintiff required to plead technical details or exhaustively catalogue every accessibility defect to satisfy Rule 8. At this stage, general factual allegations describing how the plaintiff encountered barriers and was denied full and equal access are sufficient. *Silha,* 807 F.3d at 173 (general factual allegations are sufficient to establish standing at the pleading stage); *Lujan,* 504 U.S. 555, 561 ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice.").

Plaintiff's injury is not limited to a past visit to the Website and Plaintiff's inability to complete the scheduling of the appointment. Rather, Plaintiff's injury includes, as the Complaint alleges that the accessibility barriers prevent Plaintiff from independently browsing the Website and making the dental appointment, and therefore presently deter her from returning. Dkt. #1, ¶¶32-36; 40. A denial of equal access to goods and services available to the public constitutes a continuing injury under the ADA because the accessibility barriers present on Defendant's Website prevented Plaintiff from meaningfully browsing Defendant's Website, regardless of whether the intended appointment was completed. Accepting the allegations as true, Plaintiff remains unable to use the Website, to date, on equal terms and faces an ongoing risk of encountering the same barriers in the future. Dkt. #1, ¶¶40, 68.

Considering the low pleading threshold applicable to Article III standing and the deterrent effect Plaintiff experienced while attempting to use Defendant's website, Plaintiff has adequately alleged past injury and therefore met the redressability standard under the ADA sufficient to withstand a Rule 12(b)(1) motion.

14

ii. **Plaintiff's injury is redressable because it is reasonable to infer that the discrimination on the Website will continue.**

A plaintiff plausibly alleges that they personally encountered accessibility barriers, courts may reasonably infer at the pleading stage that those barriers will continue to exist absent evidence of remediation. *See* Fed. R. Civ. P. 8(a); *Scherr,* 703 F.3d at 1074 (allegations of past exposure to barriers sufficient to establish likelihood of future harm). Allegations that the plaintiff encountered the same or similar barriers on multiple occasions further support an inference that the discriminatory conditions are ongoing.

Moreover, it is the defendant's burden—not the plaintiff's—to demonstrate that the alleged violations have been permanently remedied or will not recur. See *Friends of the Earth, Inc.,* 528 U.S. at 189 (voluntary cessation does not moot a claim unless it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur"); *Chicago United Indus., Ltd. v. City of Chicago*, 445 F.3d 940, 947 (7th Cir. 2006) (same). Absent concrete and definitive remedial measures, it is reasonable to infer that the discrimination will continue, and such inferences must be drawn in the plaintiff's favor at the Rule 12(b)(1) stage.

Here, Plaintiff alleges a concrete denial of equal access to the Website, which is sufficient to establish standing at the pleading stage. *See* Fed. R. Civ. P. 8(a). Defendant nevertheless argues that the case is moot based on its own pre-suit and post-suit assertions that it has "made changes to the website," rendering it "fully accessible and usable to the visually impaired." Dkt. #7, pg. 5-8. Further, Defendant admits to using accessiBe as a supplement to their manual remediations but only provides alleged remediation evidence solely from an accessiBe remediation report. *See* Defendant's Attachment #2, Declaration of Ken Lentz; and Dkt #7, pg. 9-11; and *In the Matter of accessiBe Inc.*, FTC File No. 222-3156, Decision and Order (Apr. 21, 2025) (where the court ruled that accessiBe misrepresented the ability of its AI-powered web accessibility tool to make any

15

website complaint with the Web Context Accessibility Guidelines (WCAG) for people with disabilities, and were ordered to pay $1 million to settle the allegation). Here, Ken Lenz declares that he used accessiBe "as a supplement to – not a substitute for – manual remediation", but the alleged remediation solely depends on a remediation report generated solely from accessiBe. Absent binding assurances or demonstrable without the use of accessiBe, a defendant's unilateral representation of remediation—particularly after litigation has commenced—does not deprive the Court of jurisdiction.

At this stage, the Court may not credit Defendant's asserted remediation or resolve factual disputes regarding the adequacy or effectiveness of any alleged changes. As a matter of law, voluntary cessation does not moot a claim unless it is absolutely clear that the challenged conduct cannot reasonably be expected to recur. Defendant has not met—and cannot meet—that demanding standard through unsupported assertions in a motion to dismiss, especially when Plaintiff expressly disputes the alleged full remediation. Defendant bears that heavy burden, and unsupported assurances in a motion to dismiss are insufficient to meet it. Accordingly, it is reasonable to infer that the discriminatory conditions will continue, and that inference must be drawn in Plaintiff's favor at the pleading stage. *See* Fed. R. Civ. P. 8(a). Defendant's mootness argument therefore fails as a matter of law.

### iii. Plaintiff has established an intent to return to the Website in the future.

Courts continue to find standing where the allegations, although perhaps not novel length, nevertheless establish the factual basis for the plaintiff's interest in the website. *See Loadholt v. ShirtSpace*, No. 22-CV-02870 (ALC), 2023 U.S. Dist. LEXIS 36924, 7 (S.D.N.Y. Mar. 6, 2023) (finding intent to return adequately pled where "Plaintiff has alleged the specific product he intended to purchase—a T-shirt […] where Defendant is an apparel retailer and where Plaintiff

16

alleges that he was unable to navigate Defendant's website so that he could properly browse for a specific T-shirt and complete his purchase."); *see also Chalas v. Barlean's Organic Oils, LLC*, No. 22 Civ 04178, 8 (CM), 2022 U.S. Dist. LEXIS 211816, 8 (S.D.N.Y. Nov. 22, 2022) (distinguishing *Calcano* and finding that the plaintiff adequately pled injury-in-fact based on an alleged interest in stomach repair supplements for her cousin and a particularized interest in the website based on the defendant's commitment to "staying ahead of the innovation curve"); *Davis v. Wild Friends Foods, Inc.,*, 2023 U.S. Dist. LEXIS 115542, 18-20 (distinguishing *Calcano* and finding intent-to-return where the plaintiff "alleges that he enjoys honeyed butter, is generally interested in organic food as part of his diet, and was interested in trying a new brand to enjoy a healthy and tasty new food," and where the defendant's honey butter is distinctive for its health-centric and environmentally friendly features); *Maddy v. Life Time, Inc.*, No. 22-cv-5007 (LJL), 2023 U.S. Dist. LEXIS 115503, 14 (S.D.N.Y. July 5, 2023) (finding intent-to-return where the plaintiff "alleges that she has a hobby of collecting body lotions and oils from various brands and enjoys purchasing different branded lotions to add to her collection, and the website offers a specific oil, the Morroccanoil Dry Body Oil, which is a high quality body lotion that Plaintiff wants to add to her collection.").

Plaintiff has explained in detail why she wanted to make a dental check-up appointment with American Dental Associates. Dkt. #1, ¶¶39-40. As mentioned, "…while searching on Google for a dental appointment in Chicago, she discovered Defendant's [W]ebsite…which appeared among the top search results. She reviewed multiple customer reviews describing the professionalism of the dentist and staff and decided to visit the website to explore its services and make an appointment for a dental check-up." *Id.*

17

As the Second Circuit explained in *Calcano*, "the central inquiry is not whether a complaint pleads the magic words that a plaintiff 'intends to return,' but if, 'examined under the "totality of all relevant facts,"' "the plaintiff plausibly alleges 'a real and immediate threat of future injury.'" *Calcano*, 36 F.4th at 75 (citations omitted). Thus, the question is not whether particular paragraphs plead the magic words "I intend to return," but whether, taken as a whole, Plaintiff's interest in returning to the Website is a plausible one. Given the circumstances behind Plaintiff's interest in making an appointment for a dental check-up, the answer is an obvious "yes."

## V. THE ERRORS ON DEFENDANT'S WEBSITE ARE ONGOING AND CANNOT BE MOOT.

Defendant has asserted with confidence that the "Plaintiff's claims are now moot because it is clear a screen reader user has no issues navigating the Website. Indeed, Defendant alleges that the remediations are permanent structural code changes. Dkt. #7, pg. 9-10. Additionally, Defendant claims that they have no intention of allowing the Website to become inaccessible. *Id.* On the contrary, Plaintiff's accessibility expert's additional technical audits of the Website after Defendant claims to have made the Website accessible and understands the ongoing duty, the audits identified multiple persistent accessibility violations consistent with various additional accessibility violations.

Defendant asserts that Plaintiff's claims are moot based on its contention that they hired an alleged qualified professional – who appears to lack specific experience in WCAG compliance – and that this individual has fully remediated the Website. Further, this individual does not assert that the Website is compatible for use by any screen reader user or that a use can now navigate the Website and successfully make a dental check-up appointment and merely represents that Defendant has no intention of allowing the Website to become accessible in the future. Dkt. #7, Attachment #2, Declaration of Ken Lentz; and Dkt #7, pg. 9-11. These assertions, however, rely

18

on Defendant's own post-suit representations and invite the Court to resolve factual disputes at the pleading stage.

To reiterate, at this juncture, the Court may not weigh competing evidence or assess the adequacy of Defendant's purported remediation. Whether the Website is presently compliant, or whether Defendant's claimed changes are sufficient to prevent future violations, are questions of fact inappropriate for resolution on a motion to dismiss. *See Colon,* at 16. The Court is instead required to accept Plaintiff's well-pleaded allegations as true and to draw all reasonable inferences in Plaintiff's favor. *See Colon,* at 16. ("Taking Colon's allegations as true, the website was incompatible with her screen reader, whichever one she used, and therefore Colon was deprived of equal access to HY's goods and services, which is discrimination within the meaning of the ADA.)"

As pleaded, Plaintiff alleges the existence of accessibility barriers affecting use of the Website. Those allegations are sufficient to establish a live controversy. Because Defendant has not carried the heavy burden of demonstrating that the challenged conduct cannot reasonably be expected to recur, Defendant's voluntary cessation arguments do not render this action moot as a matter of law.

## VII. DECLARATORY RELIEF IS PROPER BECAUSE AN ACTUAL CONTROVERSY EXISTS AND PLAINTIFF ALLEGES ONGOING HARM

Defendant's contention that no relief is available beyond injunctive relief is improper and fails for several reasons grounded in both Supreme Court and Seventh Circuit precedent. Declaratory relief is appropriate where a substantial controversy exists of sufficient immediacy and reality to warrant the issuance of a judicial declaration. As the Supreme Court explained in *MedImmune, Inc. v. Genentech, Inc.*, a plaintiff need not expose herself to liability or further injury in order to seek a declaration of her rights and obligations; rather, she must demonstrate only that

19

a real and substantial controversy exists between parties with adverse legal interests. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). Plaintiff meets this standard.

The Complaint alleges that Plaintiff encountered numerous accessibility barriers that prevented her from navigating the Website and scheduling a dental check-up appointment, that these barriers persisted as of comprehensive audits, and that Defendant continues to maintain a website governed by policies and practices that exclude blind consumers. Dkt. #1, ¶¶32-36. Plaintiff remains deterred from using American Dental Associates because it is inaccessible and alleges a concrete intent to return once the website becomes accessible. Dkt. #1, ¶¶37-40. These allegations establish an ongoing controversy concerning whether Defendant's website complies with the ADA.

The Seventh Circuit's decision in *Nucor Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, confirms that declaratory relief is appropriate where a declaration will "clarify and settle the disputed legal relationships and afford relief from the uncertainty and controversy that created the issues, it is usually resolved rather than dismissed." *Nucor Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 578 (7th Cir. 1994) (quoting *Tempco Electric Heater Corp. v. Omega Engineering, Inc.*, 819 F.2d 746, 749 (7th Cir. 1987) (citing Edwin Borchard, Declaratory Judgments 299 (2d ed. 1941) (stating the purposes of declaratory judgments)). Here, a declaration that Defendant's website violates Title III or must meet certain accessibility standards would provide clarity and resolve the parties' dispute regarding Defendant's ongoing obligations.

Moreover, in *ACLU of Illinois v. Alvarez*, the Seventh Circuit recognized that declaratory relief is proper where a challenged policy or practice has a deterrent effect on a plaintiff's lawful activities. *ACLU of Illinois v. Alvarez*, 679 F.3d 583, 590–91 (7th Cir. 2012). Plaintiff alleges

precisely such deterrence, as she remains unable to shop at the Website because of Defendant's ongoing ADA violations. Likewise, in *Hewitt v. Helms*, the Supreme Court explained that declaratory relief is proper where it serves to clarify rights even if additional remedies are unavailable. *Hewitt v. Helms*, 482 U.S. 755, 761 (1987). The deterrence Plaintiff alleges is ongoing and directly traceable to Defendant's discriminatory practices.

Given the allegations of persistent barriers, ongoing injury, and a real and immediate threat of future harm, declaratory relief is entirely appropriate.

## VIII. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss should be denied in its entirety. Plaintiff has shown standing and has stated a claim. Additionally, Defendant's Website is a place of public accommodation within the meaning of the ADA. As such, this Court should retain supplemental jurisdiction over Plaintiff's state law claims and deny Defendant's request to stay discovery. Furthermore, Plaintiff requests leave to further amend her Complaint on any factual issues.

Dated:  March 23, 2026                                    Respectfully Submitted,

                                                         **EQUAL ACCESS LAW GROUP, PLLC**

                                                         */s/ Alison Chan*_____
                                                         Alison Chan, Esq.
                                                         Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2026, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Alison Chan*

Alison Chan, Esq.
Equal Access Law Group PLLC
68-29 Main Street
Flushing, NY 11367
Phone: (929) 442-2154
Email: Achan@Ealg.law
*Attorneys for Plaintiff*

22