# SAGSHARMA

March 25, 2026

***VIA CM/ECF***

Honorable Daniel P. McLaughlin, U.S.M.J.

United States District Court

Northern District of Illinois

219 S. Dearborn Street, Room 1365

Chicago, Illinois 60604

**Re:**    Anderson v. American Dental Associates, Ltd.,
        Case No. 1:26-cv-01084
        Defendant's Letter Request to Strike Opposition Brief

Dear Judge McLaughlin:

Defendant American Dental Associates, Ltd. ("Defendant"), by and through undersigned counsel, respectfully writes to bring to the Court's attention that Plaintiff's Memorandum of Law in Support of Her Opposition to Defendant's Motion to Dismiss (Dkt. #9, filed March 23, 2026) (the "Opposition Brief") violates the page limitation established by Local Rule 7.1 of the Northern District of Illinois. Defendant respectfully requests that the Court strike the Opposition Brief and consider Defendant's motion unopposed.

**The Applicable Rule.** Local Rule 7.1 provides, in relevant part:

> *"Neither a motion nor brief in support of or in opposition to any motion nor objections to a report and recommendation or order of a magistrate judge or special master, shall exceed 15 pages without prior approval of the court. Briefs that exceed the 15 page limit must have a table of contents with the pages noted and a table of cases. Any brief or objection that does not comply with this rule shall be filed subject to being stricken by the court."*

N.D. Ill. LR 7.1 (emphasis added).

**The Violation.** Plaintiff's Opposition Brief is 22 pages in length, exclusive of the cover page and certificate of service. This exceeds the 15-page limit by 7 pages—even exclusive of table of contents and table of authorities, the brief nonetheless exceeds the page limit authorized by Local

**New York**
Sagsharma LLC
6 Saint John's Lane
New York, NY 10013

**Chicago**
33 North Dearborn Street
Suite 2400
Chicago, IL 60602

**e:** info@sagsharma.com
**ph:** (917) 275-7109
**w:** sagsharma.com

1



# SAGSHARMA

Rule 7.1. The docket does not reflect any motion by Plaintiff seeking prior approval to exceed the page limit, nor any order of this Court granting such leave. Plaintiff filed the oversized brief without requesting or receiving the "prior approval of the court" that Local Rule 7.1 expressly requires.

**Prejudice to Defendant.** The page limit exists to ensure parity between the parties and to manage the Court's docket efficiently. Defendant's opening Memorandum of Law in Support of Its Motion to Dismiss (Dkt. #7) was filed in compliance with the 15-page limit, inclusive of the cover page, the table of authorities, and table of contents, all out of an abundance of caution and the strictest adherence to this Court's restrictions. Plaintiff's unilateral decision to exceed that limit by nearly 50% is prejudicial to Defendant, who must now reply to an oversized brief within the same 15-page constraint. Permitting Plaintiff's violation to stand without consequence would reward non-compliance and undermine the equal application of the Court's rules.

**Standard Practice.** The proper procedure for a party who believes the page limit is insufficient is to file a motion for leave to exceed the page limit before or contemporaneously with the filing of the oversized brief. Plaintiff did not do so. Local Rule 7.1 is self-executing: "[a]ny brief or objection that does not comply with this rule shall be filed subject to being stricken by the court." The Rule places the burden on the filing party to either comply or seek leave; it does not contemplate after-the-fact ratification of non-compliant filings.

**Relief Requested.** Defendant respectfully requests that the Court enter an order striking Plaintiff's Opposition Brief (Dkt. #9) as filed in violation of Local Rule 7.1.

Defendant raises this issue promptly and respectfully. Defendant does not suggest that Plaintiff's counsel acted in bad faith, but the Local Rules exist for a reason and must be applied evenhandedly. Defendant should not be prejudiced by Plaintiff's failure to seek leave before filing an oversized brief, nor should Plaintiff be rewarded for its non-compliance.

**New York**
Sagsharma LLC
6 Saint John's Lane
New York, NY 10013

**Chicago**
33 North Dearborn Street
Suite 2400
Chicago, IL 60602

2

e: info@sagsharma.com
ph: (917) 275-7109
w: sagsharma.com

§

# SAGSHARMA

We thank the Court for its attention to this matter.

 Respectfully submitted,


*/s/ Sagar Sharma*

Sagar Sharma, Esq.
**Sagsharma LLC**
*Counsel for Defendant*
*American Dental Associates, Ltd.*

**New York**
Sagsharma LLC
6 Saint John's Lane
New York, NY 10013

**Chicago**
33 North Dearborn Street
Suite 2400
Chicago, IL 60602

3

**e:** info@sagsharma.com
**ph:** (917) 275-7109
**w:** sagsharma.com



# SAGSHARMA

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 25, 2026, I caused the foregoing to be filed via CM/ECF, which will send notification to all counsel of record.

<u>/s/ Sagar Sharma</u>

Counsel for Defendant

**New York**
Sagsharma LLC
6 Saint John's Lane
New York, NY 10013

**Chicago**
33 North Dearborn Street
Suite 2400
Chicago, IL 60602

4

e:   info@sagsharma.com
ph:  (917) 275-7109
w:   sagsharma.com

