**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

LISA ANDERSON, on behalf of herself and
all others similarly situated,

      Plaintiffs,

v.

AMERICAN DENTAL ASSOCIATES, LTD.,

      Defendant.

Civil Action No. 1:26-cv-01084

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

TABLE OF CONTENTS......................................................................................................i

TABLE OF AUTHORITIES ............................................................................................. ii

I. INTRODUCTION ......................................................................................................... 1

II. ARGUMENT ............................................................................................................... 2

    A.    Plaintiff Applies the Wrong Standard: This Is a Factual Challenge to Jurisdiction, and the Burden Has Shifted. ........................................................................................................ 2

        1.    The distinction between facial and factual challenges under Rule 12(b)(1)................... 2

        2.    Defendant's evidentiary submissions converted this to a factual challenge. .................. 3

        3.    The burden shifted to Plaintiff. ....................................................................................... 3

    B.    Plaintiff Submitted No Evidence and Cannot Sustain Jurisdiction. .................................. 4

        1.    The evidentiary record is one-sided. ................................................................................ 4

        2.    Plaintiff's "additional testing" claim is unsworn attorney argument............................... 4

        3.    The promise to produce evidence "in discovery" is a concession. ................................. 5

    C.    The FTC Enforcement Action Against accessiBe Does Not Undermine Defendant's Remediation Showing.................................................................................................................. 5

    D.    Plaintiff's Authorities Are Inapposite and Do Not Support Her Position. .......................... 6

    E.    Plaintiff Lacks Article III Standing................................................................................... 8

    F.    The Complaint Fails to State a Claim. ................................................................................ 9

III. CONCLUSION.......................................................................................................... 10

## **TABLE OF AUTHORITIES**

**Cases**

*Already, LLC v. Nike, Inc.*, 568 U.S. 85 (2013)................................................................ 8

*Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440 (7th Cir. 2009)........................ 1, 2, 3, 6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .............................................................................. 9

*Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) ................................................................. 4

*Chicago United Industries, Ltd. v. City of Chicago*, 445 F.3d 940 (7th Cir. 2006)........................ 8

*Colon v. HY Supplies, Inc.*, No. 22 CV 5915, 2023 U.S. Dist. LEXIS 204526 (N.D. Ill. Nov. 15, 2023) .................................................................................................................. 7

*FBI v. Fikre*, 601 U.S. 234 (2024) ..................................................................................... 4

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167 (2000) ................. 3

*L.A. v. Lyons*, 461 U.S. 95 (1983)..................................................................................... 9

*Long v. Shorebank Dev. Corp.*, 182 F.3d 548 (7th Cir. 1999)........................................... 3

*Scherr v. Marriott Int'l*, 703 F.3d 1069 (7th Cir. 2013)..................................................... 8

*Silha v. ACT, Inc.*, 807 F.3d 169 (7th Cir. 2015) ............................................................ 2, 8

*United States v. Luce*, 873 F.3d 999 (7th Cir. 2017) ....................................................... 5

**Statutes**

28 U.S.C. § 1746................................................................................................................ 1, 3

42 U.S.C. § 12188(a)(1)..................................................................................................... 2

**Other Authorities**

*In the Matter of accessiBe Inc.*, FTC File No. 222-3156, Decision and Order (Apr. 21, 2025) .... 8

**Rules**

Rule 12(b)(1)...................................................................................................................... 4, 6, 10

## I. INTRODUCTION

Plaintiff's opposition brief recites the correct legal standards but fails to engage with the evidence before this Court. The brief reads as though Defendant had filed a bare motion to dismiss based on the pleadings alone. Defendant did no such thing. In support of its Motion, Defendant submitted two sworn declarations executed under penalty of perjury pursuant to 28 U.S.C. § 1746, a 70-page technical Remediation Summary Report documenting 500 individual accessibility fixes with selector-level specificity, and a published Accessibility Statement committing the Company to WCAG 2.1 AA compliance. (Sharma Decl. ¶¶ 1–16; Lentz Decl. ¶¶ 1–20; Lentz Decl., Exs. 1–2.)

Plaintiff responded with nothing. No declaration from Plaintiff Lisa Anderson describing a return visit to the website. No declaration from any accessibility expert. No testing report. No automated scan results. No identification of a single specific barrier that allegedly persists on the website today. Not a single piece of evidence.

This evidentiary void is not a minor omission. It is fatal to Plaintiff's position under the applicable legal standard. When a defendant presents a factual challenge to subject-matter jurisdiction under Rule 12(b)(1), the plaintiff may no longer rest on the bare allegations of the complaint. She must come forward with "competent proof" to establish that jurisdiction exists. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009). Plaintiff has not done so.

The significance of this failure is underscored by two telling silences. First, the Complaint itself does not allege that Anderson ever attempted to revisit the website between the date of her sole alleged visit on September 8, 2025, and the filing of the Complaint on January 30, 2026—a period of nearly five months during which Defendant's comprehensive remediation was actively

1

underway. Second, even now, in opposing this Motion, Plaintiff has submitted no evidence—not even a sworn statement from Anderson herself—that she has revisited the website at any time after the filing of this action or that any barrier persists. Plaintiff's counsel asserts in the body of the brief that unidentified "testing" by an unidentified "expert" revealed unspecified "barriers," but these are unsworn statements of counsel, not evidence, and Plaintiff concedes that the actual results "will be given to Defendant in the discovery phase of the case." (Opp. Br. at 8.) That is an admission that Plaintiff cannot sustain jurisdiction today.

Title III of the ADA provides private plaintiffs with exactly one remedy: injunctive relief. 42 U.S.C. § 12188(a)(1). Every barrier alleged in the Complaint has been remediated. There is nothing left to enjoin. The case is moot, Plaintiff lacks standing, and the Motion to Dismiss should be granted.

## II. ARGUMENT

A.  Plaintiff Applies the Wrong Standard: This Is a Factual Challenge to Jurisdiction, and the Burden Has Shifted.

1.  *The distinction between facial and factual challenges under Rule 12(b)(1).*

Plaintiff's opposition repeatedly invokes the principle that this Court must "accept all well-pleaded allegations as true" and "draw all reasonable inferences in the plaintiff's favor." (See Opp. Br. at 6, 8, 9, 10, 15, 16, 18, 19, 21.) That standard governs a facial challenge to subject-matter jurisdiction—where the court considers only the allegations of the complaint and materials referenced therein. It does not govern a factual challenge, in which the court looks beyond the pleadings and weighs evidence to determine whether jurisdiction actually exists. The Seventh Circuit has drawn this distinction clearly. *Apex Digital, Inc.*, 572 F.3d at 443–44; *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015).

Remarkably, Plaintiff herself acknowledges this very distinction in her brief. (Opp. Br. at 10, citing *Apex Digital* and *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999).) Yet having correctly stated the rule, Plaintiff immediately abandons it. Every substantive argument in the remaining pages of the opposition is built on the premise that the Court must accept the Complaint's allegations as true regardless of Defendant's sworn evidence. That is the facial challenge standard—the very standard that *Apex Digital* holds does not apply when extrinsic evidence has been submitted.

2.    *Defendant's evidentiary submissions converted this to a factual challenge.*

Defendant's Motion was not a bare facial challenge. It was accompanied by substantial extrinsic evidence directly controverting the Complaint's factual premise: the Declaration of Dhiraj Sharma (16 paragraphs, sworn under 28 U.S.C. § 1746); the Declaration of Ken Lentz (20 paragraphs, sworn under 28 U.S.C. § 1746); a 70-page accessiBe Remediation Summary Report documenting 500 individual remediations with CSS selector-level specificity (Lentz Decl., Ex. 1); and a published Accessibility Statement (Lentz Decl., Ex. 2). The submission of this extrinsic evidence converted the inquiry into a factual challenge under Rule 12(b)(1). *Apex Digital, Inc.*, 572 F.3d at 443–44.

3.    *The burden shifted to Plaintiff.*

Once a factual challenge is presented with supporting evidence, the plaintiff can no longer rest on the bare allegations of the complaint. She must meet the "burden of coming forward with competent proof" *Apex Digital, Inc.*, 572 F.3d at 444; *Long*, 182 F.3d at 554. This requirement does not diminish the "heavy burden" Defendant bears under the voluntary cessation doctrine. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). Rather, it establishes a sequential framework: Defendant carries its initial burden by presenting evidence

3

that remediation is complete and not reasonably likely to recur; the burden of production then shifts to Plaintiff to present evidence that a live controversy persists. The Supreme Court recently reaffirmed that this is an evidentiary inquiry, not a pleading exercise: the question is "what repudiation can prove about [the defendant's] future conduct." *FBI v. Fikre*, 601 U.S. 234, 244 (2024).

B.      Plaintiff Submitted No Evidence and Cannot Sustain Jurisdiction.

1.      *The evidentiary record is one-sided.*

The contrast between the parties' submissions is stark. Defendant submitted two sworn declarations totaling 36 paragraphs, a 70-page technical report documenting 500 individual remediations across more than ten webpages and fifteen asset categories, and a published Accessibility Statement committing the Company to WCAG 2.1 AA compliance. Defendant mapped each of the eight alleged barriers to specific remediation evidence. (See Def.'s Mem. at 8.) Plaintiff submitted no declaration from Anderson. No declaration from any accessibility expert. No testing report, automated scan, or WCAG audit. No screenshots, technical documentation, or evidence of any kind.

2.      *Plaintiff's "additional testing" claim is unsworn attorney argument.*

Plaintiff's counsel asserts in the body of the opposition brief that "Plaintiff caused additional technical testing of the website to be conducted" and that "the audits identified multiple persistent accessibility violations." (Opp. Br. at 8, 18.) These are statements of counsel in an advocacy brief. They are not evidence. No declaration authenticates the alleged testing. No expert is identified by name or qualification. No specific barrier is identified. No testing methodology is described. No report is attached or even excerpted. An attorney's unsworn statements in a brief are not evidence. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986) (noting that a summary judgment

motion cannot be rebutted with mere argument). This Court should not credit them as competent proof.

3.  *The promise to produce evidence "in discovery" is a concession.*

Most telling is Plaintiff's admission that the evidence she needs will come later: the alleged testing results "will be given to Defendant in the discovery phase of the case." (Opp. Br. at 8.) If Plaintiff possessed evidence that the website remains inaccessible, she had every opportunity—and every incentive—to present it with her opposition. She did not. This is a concession that Plaintiff cannot meet her burden now. Jurisdictional questions must be resolved when raised; they cannot be deferred to discovery as a matter of right.

C.  The FTC Enforcement Action Against accessiBe Does Not Undermine Defendant's Remediation Showing.

Plaintiff devotes significant attention to the Federal Trade Commission's enforcement action against accessiBe. *In the Matter of accessiBe Inc.*, FTC File No. 222-3156, Decision and Order (Apr. 21, 2025). The FTC found that accessiBe's blanket marketing claim—that its automated tool could make "any website" fully WCAG-compliant—was unsubstantiated. The FTC prohibited accessiBe from making such claims absent competent evidence. Defendant does not dispute the FTC's findings regarding accessiBe's marketing.

But the FTC ruling does not help Plaintiff, for two reasons. First, the FTC's concern was with accessiBe's marketing representations, not with the functionality of the tool in every deployment. The FTC did not find that accessWidget provides zero accessibility benefit. It did not order accessiBe to cease operations or direct websites to remove the widget. The no-admission consent order targeted overpromising, and not the underlying technology.

**Second, and critically, Defendant's remediation does not depend on accessiBe.** Plaintiff asserts that "the alleged remediation solely depends on a remediation report generated

5

solely from accessiBe." (Opp. Br. at 9.) This is factually incorrect. The Lentz Declaration describes in detail the manual remediation work Mr. Lentz performed directly on the website's HTML source code, independent of and prior to the deployment of accessiBe: the addition of ARIA attributes to interactive elements (Lentz Decl. ¶ 5(a)); restructuring heading hierarchies (¶ 5(b)); installing keyboard event handlers for menus, buttons, form fields, and links (¶ 5(c)); assigning ARIA navigation landmark roles (¶ 5(d)); and reviewing and correcting link elements across the site (¶ 5(e)). Mr. Lentz testified under oath that these changes "involved modifications to the Website's underlying HTML source code," are "permanent, structural changes embedded in the Website's architecture," "are not cosmetic overlays or temporary adjustments," and "cannot be undone by inadvertence." (Lentz Decl. ¶ 8.) This manual work commenced on January 8, 2026, and was substantially complete by February 5, 2026. This was done *before accessiBe was even deployed.* (Lentz Decl. ¶¶ 4–5, 6.)

Mr. Lentz's candid description of accessiBe as a supplement to—not a substitute for—manual remediation (Lentz Decl. ¶ 6) is not the damaging admission Plaintiff portrays. It is precisely the use case that the accessibility community and the FTC's own guidance endorse: automated monitoring tools should supplement, not replace, manual code changes. American Dental followed this approach. The FTC's concern was with businesses that relied on accessiBe as a standalone solution. American Dental did no such thing.

D.      Plaintiff's Authorities Are Inapposite and Do Not Support Her Position.

Plaintiff's opposition cites *Apex Digital, Inc.*, 572 F.3d at 443–44, at pages 9–10 of her brief, correctly acknowledging that the Seventh Circuit distinguishes between facial and factual challenges to jurisdiction under Rule 12(b)(1). She quotes the standard: in a factual challenge, the court "may consider evidence outside the pleadings" and the plaintiff must support jurisdiction

6

with "competent proof." (Opp. Br. at 10.) Yet having stated the correct rule, Plaintiff proceeds to ignore it for the remainder of the brief. Every substantive argument that follows is premised on the facial challenge standard—the very standard Apex Digital holds inapplicable when extrinsic evidence has been submitted. Plaintiff cannot invoke Apex Digital's framework and simultaneously refuse to comply with it. This is not a nuanced disagreement about the applicable standard; it is a fundamental self-contradiction that undermines the entirety of the opposition.

Of the approximately thirty cases cited in the opposition, only one—*Colon v. HY Supplies, Inc.*, No. 22 CV 5915, 2023 U.S. Dist. LEXIS 204526 (N.D. Ill. Nov. 15, 2023)—was decided in this District. And Colon is readily distinguishable. In Colon, the defendant did not submit the type of comprehensive remediation evidence presented here—two sworn declarations, a 70-page technical report, and a published accessibility commitment. Colon involved a standard facial challenge to the sufficiency of a complaint; the court correctly applied the "accept-as-true" standard **because no extrinsic evidence was before it**. That is not the posture of this case. Here, American Dental provided copious extrinsic evidence, converting this from a facial challenge (*a la* Colon v. HY Supplies) to a factual challenge. Plaintiff's remaining case citations are drawn almost entirely from the Southern District of New York and other out-of-circuit courts—*Loadholt v. ShirtSpace* (S.D.N.Y. 2023), *Chalas v. Barlean's Organic Oils* (S.D.N.Y. 2022), *Davis v. Wild Friends Foods* (S.D.N.Y. 2023), *Maddy v. Life Time* (S.D.N.Y. 2023), *Andrews v. Blick Art Materials* (E.D.N.Y. 2017), *Access Now v. Blue Apron* (D.N.H. 2017)—none of which carry binding authority in this Circuit. More importantly, **not one of these cases involved a defendant who submitted comprehensive, sworn evidence of remediation**. Not one addressed a factual challenge under Rule 12(b)(1). Not one confronted the question actually before this Court: whether a plaintiff who has submitted no evidence to rebut a defendant's evidence of remediation can

7

survive a factual jurisdictional challenge to mootness. This Court should apply Seventh Circuit law, not a patchwork of non-binding district court opinions from other jurisdictions addressing an entirely different factual posture.

The Seventh Circuit authorities Plaintiff does cite support Defendant's position when properly applied. *Scherr v. Marriott Int'l*, 703 F.3d 1069 (7th Cir. 2013)—a facial challenge—held that a plaintiff has standing where he encounters accessibility barriers and is deterred from returning. *Scherr*, however, involved physical barriers at a hotel that had not been remediated; it does not hold that standing survives comprehensive remediation of every identified barrier. *Silha*, 807 F.3d 169, stated that the burden on the plaintiff at the pleading stage is "not onerous"—but that language described a facial challenge, not a factual challenge with competing evidence. And *Chicago United Industries, Ltd. v. City of Chicago*, 445 F.3d 940, 947 (7th Cir. 2006), held that voluntary cessation does not moot a case absent concrete and definitive remedial measures to ensure that the alleged wrongful acts will not reoccur—which is precisely what Defendant has provided through permanent code changes, continuous monitoring, a public accessibility commitment, and retained professionals, and which Plaintiff has not rebutted with a single piece of evidence. When the Court applies the authorities Plaintiff herself has chosen, the result is dismissal.

E.     Plaintiff Lacks Article III Standing.

With every barrier remediated, a favorable judicial decision would provide Plaintiff nothing she does not already have. An injunction ordering Defendant to make its website accessible would order Defendant to do what it has already done. Redressability is absent. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013); *Scherr*, 703 F.3d at 1074.

8

Plaintiff's intent to return is premised on a factual condition—ongoing inaccessibility—that no longer exists and that Plaintiff has not established with evidence. In the out-of-circuit cases Plaintiff cites for this element, the websites remained inaccessible. Here, the website has been comprehensively remediated. Moreover, Anderson's sole alleged visit was September 8, 2025—nearly five months before the Complaint was filed. No return visit is alleged in the Complaint. No return visit is evidenced in the opposition. Not even the demand letter—sent December 15, 2025—claims a return visit. Anderson alleges no effort to use the website after Defendant commenced its comprehensive remediation. Even with the pendency of a dispositive motion that may moot Plaintiff's case, there is no evidence to suggest that she has made any attempt to return to the website. This silence, combined with the unexplained expansion of alleged barriers from three (in the demand letter) to eight (in the Complaint) without any intervening visit, does not support a plausible inference of genuine intent to return. *L.A. v. Lyons*, 461 U.S. 95, 102 (1983).

F.      The Complaint Fails to State a Claim.

The Complaint devotes twelve of its nineteen pages to generic descriptions of ADA law, screen-reader technology, and WCAG standards that could appear in any website accessibility complaint against any defendant. The site-specific allegations occupy a single paragraph. (Compl. ¶ 35.) Five of the eight barriers listed in that paragraph were not mentioned in the demand letter six weeks earlier—and Plaintiff does not explain how these new barriers materialized without any alleged return visit. Plaintiff's only response is that her allegations are "directly linked to an automated report" to be produced in discovery. (Opp. Br. at 8.) Evidence promised for discovery does not cure deficient pleading under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Furthermore, **no regulation mandates WCAG compliance for private businesses under Title III**. Plaintiff does not dispute this point. Yet Plaintiff's theories rest on treating WCAG as though it were the binding

9

legal standard for private businesses under Title III. Title III requires equal access—not adherence to any particular, voluntary technical standard—and Plaintiff cannot state a claim by alleging noncompliance with guidelines that carry no independent legal force. Plaintiff has effectively privatized federal disability law—substituting a voluntary technical standard for the actual requirements of Title III and then using that substitution as the engine of mass litigation. Whatever persuasive value WCAG may carry in assessing reasonable accessibility measures, it creates no legal obligation, and Plaintiff's decision to treat it as a binding legal treatise does not make it one.

### III. CONCLUSION

Defendant respectfully requests dismissal with prejudice.

Defendant has carried its heavy burden under the voluntary cessation doctrine through comprehensive, sworn, particularized evidence of remediation. The six reinforcing factors identified in Defendant's opening brief are unrebutted: (1) the remediations are permanent structural code changes that cannot be undone by inadvertence; (2) continuous automated monitoring scans the website on an ongoing basis; (3) a published Accessibility Statement commits the Company to WCAG 2.1 AA compliance; (4) qualified professionals remain retained for ongoing maintenance; (5) the Company has no incentive to revert—it is a healthcare provider serving patients of all abilities; and (6) remediation was proactive, commencing upon receipt of the demand letter and substantially complete before the Complaint was filed. (Sharma Decl. ¶¶ 4–16; Lentz Decl. ¶¶ 4–20.)

Plaintiff has responded to this evidence with nothing. No declaration. No expert report. No testing data. No identification of any specific barrier that persists. The opposition brief relies on the original Complaint allegations and unsworn attorney argument—neither of which constitutes "competent proof" under Apex Digital. The sole case from this District that Plaintiff cites is

distinguishable. The out-of-circuit authorities address a different factual posture. The Seventh Circuit cases Plaintiff invokes support Defendant's position when properly applied.

There is nothing left to enjoin. There are no damages to award. The case is moot, Plaintiff lacks standing, and the Complaint fails to state a claim. Plaintiff's request for leave to amend (Opp. Br. at 21) should be denied as futile: amendment cannot cure the absence of a live controversy. If there is no subject-matter jurisdiction, repleading cannot create it.

For the foregoing reasons, Defendant respectfully requests that this Court grant the Motion to Dismiss and dismiss the Complaint with prejudice.

Respectfully submitted,

Dated: April 6, 2026

*/s/ Sagar Sharma*
Sagar Sharma, Esq.
Sagsharma LLC
33 North Dearborn Street, Suite 2400
Chicago, IL 60602
(917) 275-7109
sagar@sagsharma.com

11

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2026, I caused the foregoing to be filed via CM/ECF, which will send notification to all counsel of record.

*/s/ Sagar Sharma*
Counsel for Defendant